# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY  COMMISSION, | )  )  ) |
| PLAINTIFF, | )  ) |
| v. | )  ) |
| DAVE'S DETAILING, INC., d/b/a THE  ALLEN GROUP AND STAFFING  SOLUTIONS SOUTHEAST, INC., d/b/a  STAFFING SOLUTIONS/PRO LOGISTIX, | )  )  )  )  )  ) |
| DEFENDANTS. | ) ) |

CIVIL ACTION NO. 3:07CV-516-S

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") brings this action against Dave's Detailing, Inc., d/b/a The Allen Group ("The Allen Group") and Staffing Solutions Southeast, Inc., d/b/a Staff Solutions/Pro Logistix ("Staffing Solutions") pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, in order to correct The Allen Group and Staffing Solutions's unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Carolyn A. Cook, Michael Cook and Ashley B. Messina (the "Charging Parties"), each of whom were adversely affected by such practices. As described in paragraph seven below, the Commission alleges that The Allen Group and Staffing Solutions subjected Carolyn A. Cook and Ashley B. Messina to a hostile working environment based upon sex and subjected Michael Cook and Ashley B. Messina to retaliation when they opposed such unlawful conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendants, The Allen Group and Staffing Solutions, are currently and at all relevant times have continuously been corporations doing business in the Commonwealth of Kentucky and the City of Louisville, and have continuously had at least 15 employees each.

5. At all relevant times, The Allen Group and Staffing Solutions have been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Charging Parties each filed a charge with the Commission alleging violations by the Defendants of Title VII of the

Case 3:07-cv-00516-CRS   Document 1   Filed 09/28/07   Page 3 of 5 PageID #: 3

Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. From at least October 2006, Defendants engaged in unlawful employment practices at its facilities in Louisville, Kentucky, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendants subjected Carolyn A. Cook and Ashley B. Messina to a hostile working environment because of their sex, female, and retaliated against Ashely B. Messina and Michael Cook, husband of Carolyn A. Cook, in terms of their conditions of employment and when they opposed the sexual harassment and engaged in the protected activity including complaining of the sexually hostile working environment.

8. The effect of the practices complained of in paragraph seven above has been to deprive the Charging Parties of equal employment opportunities and to otherwise adversely affect their respective employee status.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the Charging Parties' respective federally protected rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining The Allen Group and Staffing Solutions, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and sexual harassment.

B. Order The Allen Group and Staffing Solutions to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices based on sex.

C. Order The Allen Group and Staffing Solutions to make each Charging Party whole by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order The Allen Group and Staffing Solutions to make each Charging Party whole by providing each Charging Party compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

E. Order The Allen Group and Staffing Solutions to make each Charging Party whole by providing each Charging Party compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including losses resulting from any emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F. Order The Allen Group and Staffing Solutions to pay each Charging Party punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

s/Laurie A. Young\
LAURIE A. YOUNG\
Regional Attorney

s/Michelle Eisele\
MICHELLE EISELE\
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION\
Indianapolis District Office\
101 W. Ohio St., Suite 1900\
Indianapolis, IN 46204-4203

s/Kenneth W. Brown\
KENNETH W. BROWN\
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION\
Louisville Area Office\
600 Martin Luther King, Jr. Place\
Suite 268\
Louisville, Kentucky 40202-2285\
(502) 582.5440 (Direct Dial)\
(502) 582.5895 (Facsimile)\
E-mail: Kenneth.Brown@eeoc.gov