UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:07-CV-516-S |
| DAVE'S DETAILING, INC. d/b/a THE ALLEN GROUP, and STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a STAFFING SOLUTIONS/PRO LOGISTIX | DEFENDANTS |
| and | |
| STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a STAFFING SOLUTIONS/PRO LOGISTIX | THIRD-PARTY PLAINTIFF |
| v. | |
| CHAUTAUQUA AIRLINES, INC. | THIRD-PARTY DEFENDANT |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of the defendant, Staffing Solutions Southeast, Inc. d/b/a Staffing Solutions/Pro Logistix ("Staffing Solutions"), to dismiss certain claims of the plaintiff, the Equal Employment Opportunity Commission ("EEOC") (DN 33).

### BACKGROUND

Staffing Solutions is a staffing company that provides temporary employees to its customers, including Dave's Detailing d/b/a The Allen Group ("The Allen Group"). The Allen Group contracted with Chautauqua Airlines, Inc. ("Chautauqua") to clean Chautauqua's airplanes. Staffing Solutions assigned Carolyn Cook and Michael Cook to The Allen Group as temporary employees. On November 2, 2006, and November 21, 2006, the Cooks filed charges of discrimination with the EEOC alleging that

they were subjected to sexual harassment while cleaning Chautauqua's airplanes and were retaliated against for complaining about such sexual harassment.[1]

On March 7, 2007, while the EEOC charges were being investigated, the Cooks filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky. The Cooks did not disclose their pending EEOC charges in their bankruptcy schedules. Specifically, in response to Item 4 of the petition's Statement of Financial Affairs, which required the Cooks to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case," the Cook's marked "None." In addition, in response to Item 21 of Schedule B of the petition, which required the Cooks to identify and describe "[o]ther contingent and unliquidated claims of every nature," the Cooks also marked "None." On April 16, 2007, the trustee in the Cook's bankruptcy case certified that the Cooks had no assets to disburse and on June 13, 2007, the Bankruptcy Court granted the Cooks a discharge.[2]

On October 2, 2007, the EEOC instituted this action against Staffing Solutions and the Allen Group. The EEOC alleges that the defendants violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting the Cooks and an additional claimant, Ashley Messina ("Messina"), to a hostile work environment and subsequently retaliating against them when they opposed the defendants' actions. The EEOC's complaint seeks injunctive relief and monetary damages on behalf of the Cooks and Messina. In its motion to dismiss, Staffing Solutions argues that even if the facts alleged by the EEOC are true, because the Cooks failed to disclose their claims against it in their bankruptcy petition, the EEOC is judicially estopped from asserting damages claims on the Cook's behalf.

---

[1] The Cooks' sexual harassment charges stem from their discovery of pornography in Chautauqua's airplanes and their retaliation charges stem from the actions taken by the defendants after they subsequently complained about the pornography.

[2] Prior to obtaining a discharge, Ms. Cook filed a second charge of discrimination with the EEOC on June 1, 2007.

In order to avoid a dismissal under Rule 12(b)(6), a plaintiff has an obligation to provide the grounds of his entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Id*. at 1265.

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). Both causes of action and potential causes of action are assets that must be scheduled under § 521(a). *See Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 424 (6th Cir. 2005) (citing *Eubanks v. CBSK Financial Group, Inc*., 385 F.3d 894, 897 (6th Cir.2004); *In re Coastal Plains, Inc*., 179 F.3d 197, 208 (5th Cir.1999)).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire*, 532 U.S. 742, 749, 121 S.Ct. 1808. 149 L.Ed.2d 968 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). The Sixth Circuit has described judicial estoppel as a rule against "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." *Reynolds v. Comm'r*, 861 F.2d 469, 472 (6th Cir.1988) (citations omitted) (alteration in original). In the Sixth Circuit, judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior

proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of the final disposition." *Browning* , 283 F.3d at 775.

"There are numerous cases within the Sixth Circuit in which judicial estoppel has been applied to bar a plaintiff's civil claims where the plaintiff failed to disclose the existence of those claims as an asset in her bankruptcy proceedings," *Bohanan v. Bridgestone/Firestone North America Tire, LLC,* 2007 WL 1091209, *4 (M.D.Tenn. April 10, 2007); *see also Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir. 2004); *Browning*, 283 F.3d at 775. The court finds judicial estoppel applicable to this case as well. The Cooks specifically denied the existence of their EEOC charges and potential claims against Staffing Solutions by marking "None" on their bankruptcy petition. The current action before this court is clearly "contrary to" their bankruptcy petition. *See Lewis*, 141 Fed.Appx. at 425. Additionally, in discharging the Cook's debts, the Bankruptcy Court "adopted" the Cook's statements that they had not filed EEOC charges and did not have potential claims against Staffing Solutions. *Id.*

The EEOC does not argue, nor does this court find, that the Cooks failure to list their EEOC charges and potential claims against Staffing Solutions was inadvertent. The Cooks clearly had knowledge of the charges and claims and clearly had a motive for concealment. *See Browning*, 283 F.3d at 776 (failure to disclose can be considered inadvertent in two situations (1) where the debtor lacks knowledge of the factual basis of the undisclosed claims, or (2) where the debtor has no motive for concealment). Rather, the EEOC argues that judicial estoppel is inapplicable solely on the basis that the Cooks are not parties to this action. *See EEOC v. Digital Connections, Inc.*, 2006 WL 2792219, *3 (M.D.Tenn. April 18, 2006); *EEOC v. Apria Healthcare Group, Inc.*, 222 F.R.D. 608, 613 (E.D.Mo. 2004).

The court does not find the EEOC's argument, or the cases supporting it, to be persuasive. Judicial estoppel is an equitable doctrine. *New Hampshire*, 532 U.S. at 750. It is clear that had the

Cooks filed this action judicial estoppel would apply and bar them from proceeding with their claims for monetary damages. It is also clear that the Cooks will receive any monetary damages recovered by the EEOC in this action. The court fails to see how it would be equitable to allow the Cooks to receive monetary damages recovered by the EEOC on their behalf after the Bankruptcy Court discharged their debts in reliance on their false disclosures when they would not be entitled to receive such monetary damages had they filed the action on their own behalf.[3] Such a result would allow the Cooks to have their cake and eat it too, *Reynolds*, 861 F.2d at 472, and would represent the type of abuse which judicial estoppel is designed to preclude. *Browning*, 283 F.3d at 776.[4]

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Staffing Solutions' motion to dismiss (DN 33) is **GRANTED** and the EEOC's claims for monetary damages on behalf of Carolyn Cook and Michael Cook are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this

---

[3] While not applying judicial estoppel, numerous courts, including the Sixth Circuit, have recognized that where equity would preclude a claimant from seeking relief, it also operates to preclude the EEOC from seeking relief on the claimant's behalf. *See e.g. EEOC v. Sidley Austin, LLP*, 437 F.3d 695 (7th Cir. 2006) (recognizing that collateral estoppel prevents EEOC from recovering damages for a claimant who had previously litigated the same claim); *EEOC v. United States Steel Corp.*, 921 F.2d 489, 496 (3d Cir. 1990) ("By claiming or accepting individual relief won by the EEOC, the individuals would necessarily concede that the EEOC was their representative and that they were embraced by the EEOC's judgment. For those individuals who had previously brought their own suits against USX and lost on the merits, this concession would be fatal. Having had their day in court, these individuals could not relitigate the same claim through a representative any more than they could relitigate the same claim on their own behalf."); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir. 1975) (finding that a claimant's acceptance of an arbitration award and his filing of a separate action precluded the EEOC from basing a lawsuit based solely on the claimant's charge).

[4] The EEOC asserts that it filed this lawsuit in order to adjudicate the public interest in deterring and eliminating sexual harassment and retaliation in the workplace. The court notes that this ruling has no effect on the EEOC's claims for injunctive relief, or its claims for monetary damages on behalf of Messina. The court, therefore, does not find that this ruling impairs the EEOC from accomplishing its objectives.