UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:07-CV-516-S |
| DAVE'S DETAILING, INC. d/b/a THE ALLEN GROUP, and STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a STAFFING SOLUTIONS/PRO LOGISTIX | DEFENDANTS |
| and | |
| STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a STAFFING SOLUTIONS/PRO LOGISTIX | THIRD-PARTY PLAINTIFF |
| v. | |
| CHAUTAUQUA AIRLINES, INC. | THIRD-PARTY DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of third-party defendant, Chautauqua Airlines, Inc. ("Chautauqua") to dismiss Count II of the Third-Party Complaint filed against it by defendant and third-party plaintiff Staffing Solutions Southeast, Inc. d/b/a Staffing Solutions/Pro Logistix ("Staffing Solutions") (DN 22).

Chautauqua is an airline providing air service from a number of airports. Chatauqua contracted with defendant Dave's Detailing d/b/a The Allen Group ("The Allen Group") to clean its airplanes at Louisville International Airport. Staffing Solutions, a staffing company engaged in the business of providing employees to other companies, provided employees to The Allen Group in order for The Allen Group to fulfill its contract with Chautauqua.

The Equal Opportunity Employment Commission ("EEOC") initiated this action against Staffing Solutions and The Allen Group on behalf of three Staffing Solutions employees assigned to clean

Chautauqua's airplanes.  The EEOC alleges that these defendants violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting certain employees to a hostile work environment and subsequently retaliating against the employees when they opposed the employer's actions.  The EEOC's complaint seeks monetary damages and injunctive relief against both Staffing Solutions and The Allen Group.

Staffing Solutions filed a Third-Party Complaint against Chautauqua alleging that Chautauqua's employees displayed pornographic images in certain areas of its airplanes knowing that they would be seen by Staffing Solutions' employees.  According to Staffing Solutions, the EEOC's claims against it are based on its allegation that Staffing Solutions' employees were exposed to these images.  Staffing Solutions alleges that Chautauqua's negligence resulted in Staffing Solutions' employees being exposed to the pornographic images.  In Count II of its complaint, Staffing Solutions seeks contribution and/or indemnity from Chatauqua "for part or all of the EEOC's claims against Staffing Solutions."

In order to avoid a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a plaintiff has an obligation to provide the grounds of his entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.  When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Id*. at 1265.

Even accepting the facts alleged by Staffing Solutions as true, Staffing Solutions' claims for contribution and indemnity must be dismissed.  The EEOC's claims against Staffing Solutions rest on Title VII, a federal statute.  In *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), the Supreme Court of the United States ruled that no right of contribution

exists as to damages assessed under Title VII. 451 U.S. at 99. Staffing Solutions concedes that *Northwest Airlines* precludes its contribution claim. Accordingly, Staffing Solutions' contribution claim against Chautauqua will be dismissed.

Staffing Solutions argues, however, that *Northwest Airlines* does not preclude its claim for indemnity. While *Northwest Airlines* did not address the right of indemnification, the Second Circuit in *Anderson v. Local Union No. 3, International Brotherhood of Electrical Workers, AFL-CIO*, 751 F.2d 546 (2nd Cir. 1984) expanded *Northwest Airlines* by specifically stating that no right of either contribution or indemnification exists as to damages assessed under Title VII. 751 F.2d at 458-49. Relying on *Northwest Airlines* and *Anderson*, the Kentucky Supreme Court has similarly recognized that "there is no common law right to either indemnity or contribution under federal law, and the federal courts have held that those state law remedies cannot be applied to causes of action created by federal statutes." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 782 (Ky. 2000); *accord Acree v. Tyson Bearing Co., Inc.*, 2002 WL 463263 at *2 n.1 (W.D.Ky. Jan. 17, 2002). Accordingly, inasmuch as the EEOC's claims against Staffing Solution rest on Title VII, Staffing Solutions claim for indemnity must be dismissed.

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Chautauqua's motion to dismiss (DN 22) is **GRANTED** and Count II of Staffing Solutions' Third-Party Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this